# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD EUGENE LEWIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| *versus* | § | CIVIL ACTION H-05-3213 |
| | § | |
| DOUG DRETKE, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ON DISMISSAL

Petitioner, Ronald Eugene Lewis, brings this application for habeas corpus relief under 28 U.S.C. § 2254. The Petitioner is in the custody of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID) at the Terrel Unit.

## I. BACKGROUND AND CLAIMS

The 174th Judicial District Court of Harris County, Texas, convicted Petitioner of aggravated robbery on October 25, 1982, and sentenced him to 18 years imprisonment. Petitioner does not challenge his conviction. Rather, he challenges the TDCJ and the Texas Board of Pardons and Paroles's (Board) execution of his sentence. The Board has released Petitioner from prison on parole three times and returned him to custody on parole revocation three times.

Petitioner raises these four grounds for relief:

1.    Petitioner has received multiple punishments on his sentence in

violation of the double jeopardy clause.

2.      Petitioner suffered due process and equal protection violations when he was denied flat time and good-conduct time credits on revocation of his parole.

3.      Petitioner was denied due course of law when he received punishment beyond the scope of Texas statutes.

4.      Petitioner suffered a violation of the separation of powers doctrine by not receiving flat time credit for the time spent on parole.

Petitioner essentially claims that he is entitled to previously accrued good-conduct time credits on his return to prison after parole revocation and is entitled to calendar time credit for the time he was out of custody on parole. In his memorandum in support of his petition he lists these eight grounds for relief: double jeopardy, due process and equal protection, due course of law, separation of power doctrine, bill of attainder, starting and stoppage of time, *ex post facto* clause, and "divested" property rights (liberty interest).

## II. ANALYSIS

There is no constitutional right to credit for good behavior while in prison. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Awarding good conduct time is a matter of state law. *See Turner v. Johnson*, 46 F.Supp.2d 655, 669-70 (S.D. Tex. 1999). Under Texas law, good time credit is forfeited when a prisoner has violated the guidelines of his conditional release. *Id.* Petitioner has no liberty interest in the

restoration of forfeited good time credit. *See Hallmark v. Johnson*, 118 F.3d 1073, 1079-80 (5th Cir. 1997).

The denial of Petitioner's good time credit earned before his release from prison is not a due process or other constitutional violation. The possible non-restoration of the pre-revocation good time is part of the original punishment under Texas sentencing laws. Therefore, it is not a multiple punishment, or a double jeopardy, equal protection, due process or other constitutional violation.

Petitioner does not have a state or federal right to credit for time served while on parole or mandatory supervision. *See Morrison v. Johnson,* 106 F.3d 127, 129 n.1 (5th Cir. 1997). Under Texas law, "[w]hen a person's parole .... is revoked, that person may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation." TEX. GOV'T CODE ANN. § 508.283 (West 1998) (prior version at TEX. CODE CRIM. PROC. ANN. art. 42.18, § 14(a)). Not receiving time credit while out of custody is part of Petitioner's original punishment under Texas law. Petitioner's loss of calendar time credit toward his sentence for the time he was out of custody on parole is also not a federal constitutional violation.

Petitioner has failed to show that he has suffered a constitutional violation.

### III. CONCLUSION

3

The federal courts are authorized to dismiss habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Petitioner's habeas petition fails to state a claim upon which relief may be granted and is frivolous because it lacks an arguable basis in law. *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

Accordingly, it is ORDERED that the petition is DENIED and Petitioner's habeas corpus claims are DISMISSED for failure to state a claim upon which relief may be granted and as frivolous.

Petitioner's Motion to Proceed as a Pauper [Docket Entry No. 2] is GRANTED.

This Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. The issues raised here are not debatable among jurists of reason, could not be resolved in a different manner, and do not deserve encouragement to proceed further. *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). This Court finds that a Certificate of Appealability should not issue.

SIGNED at Houston, Texas, on this 20th day of September, 2005.

_____

DAVID HITTNER

United States District Judge